**E-FILED on**    5/29/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re MARVELL TECHNOLOGY GROUP LTD. DERIVATIVE LITIGATION<br><br>This Documents Relates To:<br><br>All Actions | No. C-06-03894 RMW<br><br>ORDER STAYING DISCOVERY<br><br>**[Re Docket No. 18, 25]** |

The court previously instructed the parties to submit briefing on whether the discovery stay provision of the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), applied to this particular collection of actions. For the reasons given below, the court finds the stay provision applies and stays discovery pending resolution of defendants' motion to dismiss..

## I. BACKGROUND

Starting on June 22, 2006, plaintiffs filed a series of derivative actions against Marvell Technology Group, Ltd. and certain of its officers and directors. Pursuant to stipulations filed by the parties, the court consolidated the actions.

In connection with the October 6, 2006 case management conference, the parties in the actions that had been consolidated at that time raised the issue of a stay pursuant to 15 U.S.C. § 78u-4(b)(3)(B). As the parties did not agree as to whether discovery should be stayed until

ORDER STAYING DISCOVERY—No. C-06-03894 RMW
JAH

resolution of motions to dismiss by defendants, the court instructed the parties to file briefs on the matter.

## II. ANALYSIS

Plaintiffs lead with an argument that the discovery stay provision by its own terms does not apply to anything other than class actions. Plaintiffs are correct that 15 U.S.C. § 78u-4(a)(1) provides that "[t]he provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." From this, plaintiffs argue that the discovery stay of 15 U.S.C. § 78u-4(b)(3)(B) is applicable only in class actions.

Considering 15 U.S.C. § 78u-4 as a whole, it appears to be six separate reform provisions lettered (a) through (f). Subsection (a) is entitled "Private class actions" and covers such topics as specified disclosures by named plaintiffs, appointment of lead plaintiffs, attorneys' fees, and settlement of class actions. Subsection (b) is entitled "Requirements for securities fraud actions" and deals with pleading untrue statements or material omissions and the stay of discovery under consideration. The remaining four subsections, (c) through (f), are entitled "Sanctions for abusive litigation," "Defendant's right to written interrogatories," "Limitation on damages," and "Proportionate liability," respectively.

Each subsection defines its own coverage. For subsection (a), it is "each private action arising under this chapter[1] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." For subsection (c), it is "any private action arising under this chapter." For subsection (d), it is "any private action arising under this chapter in which the plaintiff may recover money damages." For subsection (e), it is "any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security." For lengthy subsection (f), the coverage would appear to be "a private action" involving "a violation of the securities laws."

---

[1] Although plaintiffs mistyped "title" instead of "chapter," they do agree that the word refers to "15 U.S.C. §78a *et seq*," *i.e.*, the Securities Exchange Act of 1934. Pls.' Br. at 3.

Subsection (b) defines its coverage differently for each of its three sub-parts. Sub-part (1) covers "any private action arising under this chapter in which the plaintiff alleges that the defendant" made a materially false statement or misleading omission; sub-part (2) covers "any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind," and sub-parts (3) and (4) cover "any private action arising under this chapter."

Thus, the "this subsection" referred to in 15 U.S.C. § 78u-4(a)(1) should be taken to be only subsection (a); the limitation of a "plaintiff class action" does not extend beyond subsection (a). The discovery stay of sub-part (b)(3) applies to "any private action arising under" the Securities Exchange Act of 1934.

Plaintiffs' citation to *In re Tyco International, Ltd., Multidistrict Litigation*, 2003 WL 23830479 (D.N.H. Jan. 29, 2003), is unavailing. There, the district court was handling pretrial matters in three groups of related cases: securities, ERISA, and derivative actions. *Id.* at *1. The allegations in the derivative actions were that "Tyco's directors and officers breached their fiduciary duties by, among other things, failing to properly monitor Tyco's accounting practices and oversee its financial well-being" and "that the directors and executives committed corporate waste and grossly mismanaged the corporation." *Id.* There were apparently no violations of the Exchange Act alleged in the derivative actions and therefore was no basis for staying the derivative actions under 15 U.S.C. § 78u-4(b)(3)(B).

The derivative litigation in *In re FirstEnergy Shareholder Derivative Litigation*, 219 F.R.D. 584 (N.D. Ohio 2004), likewise involved allegations that the "the Company's board of directors engaged in a pattern of neglect, failed to oversee the operations and financial reporting of the Company, and failed to have basic systems in place to protect the assets of the Company." *Id.* at 585-86. The court stated that

> The Lead Plaintiffs do not make any federal securities law claims. Rather, Lead Plaintiffs constrain their claims to derivative claims brought into federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(1). These claims fall outside the PSLRA's discovery stay.

*Id.* at 586.

The consolidated complaint here contains claims for violations of Exchange Act §§ 10(b), 14(a), and § 20(a), as well as related SEC Rule 10b-5. The PSLRA provision at issue provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). Pursuant to this provision, the discovery stay is in effect until resolution of the defendants' forthcoming motions to dismiss, unless plaintiffs can show the stay will lead to destruction of evidence or cause them "undue prejudice."

Plaintiffs argue that "the PSLRA's discovery stay provisions do not apply here because this case does not represent any of the perceived abuses the PSLRA was designed to stop." Pls.' Br. at 5. However, Congress specified a stay for all privately-prosecuted Exchange Act cases and made exceptions for evidence production and undue prejudice. Congress did not merely instruct courts to stay discovery in cases in which courts perceived abuses.[2] Nor does the statute provide an exception to the stay for the newsworthiness of a case, or, as plaintiffs put it, "the important public interests surrounding option backdating." *See id*. at 6. That certain production may be a minimal burden to the defendants because they have already compiled documents for their internal investigation does not independently justify lifting a stay, though it could be considered as a factor when ruling on a motion to lift a stay to prevent undue prejudice. *See In re WorldCom Sec. Litig*., 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002).

Some courts have found prejudice to plaintiffs where the 15 U.S.C. § 78u-4(b)(3)(B) stay puts plaintiffs advancing claims under the Exchange Act at an informational disadvantage relative to plaintiffs asserting different claims or government investigators. *See Tyco*, 2003 WL 23830479 at *4; *WorldCom*, 234 F. Supp. 2d at 305-06; *FirstEnergy*, 219 F.R.D. at 544-45. Others have not. *See In re AOL Time Warner Sec. & "ERISA" Litig.*, 2003 WL 21729842 (S.D.N.Y. Jul. 25, 2003); *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, (S.D.N.Y. May 06, 2003). The Ninth Circuit does not appear to have addressed the issue. *Cf. SG Cowen Securities Corp. v. U.S. Dist. Ct.*

---

[2] The court therefore expresses no opinion as to whether the instant case does not present any abuses of the sort that Congress perceived and designed the PSLRA to stop.

ORDER STAYING DISCOVERY—No. C-06-03894 RMW
JAH                                              4

*for N. Dist. of Cal.*, 189 F.3d 909 (9th Cir. 1999) (inability to meet PSLRA pleading requirements not "undue prejudice" for purpose of lifting stay).

The court need not, at least at this juncture, decide what level of disclosure to others, if any, would constitute "undue prejudice" to the plaintiffs here and justify lifting the stay. The only evidence before the court regarding government investigation is Marvell's July 5, 2006 Form 8-K, which states that Marvell

> has received a letter of informal inquiry from the Securities and Exchange Commission requesting certain documents relating to the Company's stock option grants and practices. [Marvell] has also received a grand jury subpoena from the office of the United States Attorney for the Northern District of California requesting substantially similar documents. [Marvell] intends to cooperate fully with both requests.

Goodman Decl., Ex. 2. This statement in Marvell's SEC filing does not show that the plaintiffs would be unduly prejudiced by a stay. This order is without prejudice, however, to a "motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party," pursuant to 15 U.S.C. § 78u-4(b)(3)(B).

### III. ORDER

For the foregoing reasons, the court stays all discovery until resolution of defendants' motions to dismiss, though without prejudice to a motion by plaintiffs to lift the stay.

DATED:     5/29/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
**For the Northern District of California**

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  Darren J. Robbins
   Travis E. Downs, III  travisd@lerachlaw.com
4  William S. Lerach  e_file_sf@lerachlaw.com
   Edmund Wilson Searby  esearby@mcdonaldhopkins.com
5  Walter W. Noss  wnoss@scott-scott.com
   Arthur L. Shingler, III  ashingler@scott-scott.com
6  David R. Scott  drscott@scott-scott.com
   Denise V. Zamore  dzamore@scott-scott.com
7  Avin P. Sharma  aps@classcounsel.com
   Robert S. Green  RSG@CLASSCOUNSEL.COM
8  William B. Federman  wfederman@aol.com

9  **Counsel for Defendants:**

10 Bruce A. Ericson  bruce.ericson@pillsburylaw.com
   Andrew D. Lanphere  alanphere@pillsburywinthrop.com

12 Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   5/29/07                        /s/ MAG
                                    **Chambers of Judge Whyte**

ORDER STAYING DISCOVERY—No. C-06-03894 RMW
JAH                                                    6