*E-FILED - 8/11/09*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re MARVELL TECHNOLOGY GROUP LTD. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-06-03894-RMW(RS)<br><br>[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE:   July 17, 2009<br>TIME:   9:00 a.m.<br>COURTROOM:   The Honorable<br>          Ronald M. Whyte |

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 21, 2009 ("Order"), on the application of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated March 12, 2009 (the "Stipulation"). Due and adequate notice having been given to current Marvell Technology Group Ltd. ("Marvell") shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties to the Action.

3. The Court finds that the Notice of Proposed Settlement of Derivative Action (Long-Form) and Notice of Proposed Settlement of Derivative Action (Short-Form) (the "Notice") provided to Marvell shareholders was the best notice practicable under the circumstances. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. Except as specifically provided for in ¶5.1 of the Stipulation, Plaintiffs shall bear their own costs. Plaintiffs shall not be responsible for any of Defendants' costs.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in the Stipulation, Marvell, Current Marvell Shareholders and the Plaintiffs (acting on their own behalf and, derivatively on behalf of Marvell) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all causes of action that have been or could have been asserted in the Action by Plaintiffs or any

1  Current Marvell Shareholder derivatively on behalf of Marvell or Marvell, arising out of or relating
2  to the facts, transactions, events, matters, occurrences, acts, disclosures, statements, omissions or
3  failures to act that were alleged or could have been alleged in the Action based upon Marvell's
4  historical stock option granting practices, through and including the date of execution of the
5  Stipulation. Notwithstanding the foregoing, Released Claims does not include any claims asserted in
6  a pending consolidated shareholder class action lawsuit captioned *In re Marvell Technology Group*
7  *Ltd. Securities Litigation,* Case No. C-06-06286-RMW, for violations of Sections 10(b) and 20(a) of
8  the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder (the "Class Action")
9  or any claims to enforce the Stipulation.

10        7.     Upon the Effective Date, as defined in the Stipulation, each of the Released Persons
11  shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever
12  released, relinquished and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, and Current
13  Marvell Shareholders (solely in their capacity as Marvell shareholders) from all claims (including
14  Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution,
15  assertion, settlement or resolution of the Action or the Released Claims. Nothing herein shall in any
16  way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation. Further,
17  except as provided for in ¶2.4 of the Stipulation, nothing herein shall limit or restrict in any way the
18  rights of any Individual Defendant under Marvell's bye-laws or Bermuda law, or other applicable
19  law, equity or contract, including without limitation any and all rights of indemnification and
20  advancement of fees and costs.

21        8.     The Court hereby approves the Fee Award in accordance with the Stipulation.

22        9.     Neither the Stipulation nor the Settlement, nor any act performed or document
23  executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed
24  to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any
25  other Person as a presumption, a concession or an admission of, or evidence of, any fault,
26  wrongdoing or liability of the Settling Defendants; or of the validity of any Released Claims; or (b)
27  is or may be deemed to be or may be offered, attempted to be offered or used in any way by the
28  Settling Parties or any other Person or otherwise received as evidence in any other actions or

proceedings, whether civil, criminal or administrative. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. During the course of the litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Action and the Settling Parties to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein and the provisions of this Judgment.

12. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 8/11/09

THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III
JEFFREY D. LIGHT
BENNY C. GOODMAN III


            s/Jeffrey D. Light
         JEFFREY D. LIGHT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE -
C-06-03894-RMW(RS)                                                                                  - 3 -

| | |
|---|---|
| 1 | |
| 2 | COUGHLIN STOIA GELLER<br>   RUDMAN & ROBBINS LLP |
| 3 | SHAWN A. WILLIAMS<br>100 Pine Street, Suite 2600 |
| 4 | San Francisco, CA  94111<br>Telephone:  415/288-4545 |
| 5 | 415/288-4534 (fax) |
| 6 | SCOTT + SCOTT LLP<br>ARTHUR L. SHINGLER III |
| 7 | 600 B Street, Suite 1500<br>San Diego, CA  92101 |
| 8 | Telephone:  619/233-4565<br>619/233-0508 (fax) |
| 9 | Co-Lead Counsel for Plaintiffs |
| 10 | S:\Settlement\Marvell Deriv.set\JGT00060382.DOC |
| 11 | |
| ... | |
| 28 | |

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - C-06-03894-RMW(RS)